JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:  ALICIA MARIE RICHARDS,<br><br>Debtor. | Case No. 8:23-cv-01295-SB<br><br>ORDER DISMISSING CASE FOR LACK OF APPELLATE JURISDICTION<br><br>Bankruptcy No. 8:21-bk-10635-SC |

On July 19, 2023, Debtor Alicia Marie Richards appealed from two orders of the bankruptcy court, both of which dealt with her motion to remove the trustee. Dkt. No. 1.  On July 31, 2023, the Court ordered Debtor to show cause why it should not dismiss the case for lack of appellate jurisdiction.  Dkt. No. 10.  Debtor failed to respond.

In bankruptcy matters, this Court has appellate jurisdiction over "final judgments, orders, and decrees" and, "with leave of court, from other interlocutory orders and decrees."  28 U.S.C. § 158(a); *see also Bullard v. Blue Hills Bank*, 575 U.S. 496, 508 (2015).  A bankruptcy court order is final "where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed."  *In re AFI Holding, Inc.*, 530 F.3d 832, 836 (9th Cir. 2008). Debtor's appeal to remove the trustee is not final.  *See In re SK Foods, L.P.*, 676 F.3d 798, 802 (9th Cir. 2012) In *SK Foods*, the Ninth Circuit explained:

> The bankruptcy court's order denying removal of the trustee is not final:  it neither resolves nor seriously affects substantive rights, nor finally determines the discrete issue to which it is addressed, since the trustee could be removed at a later time. Moreover, if a party could file an interlocutory appeal every time he tried unsuccessfully to remove a trustee, he could bring the litigation to a never-ending standstill."

*Id*.

A party may seek leave to appeal from an interlocutory order, and a court may treat a notice of appeal as a motion for leave to appeal from such an order. *In re Belli*, 268 B.R. 851, 857 (9th Cir. BAP 2001). A district court has discretion to hear an interlocutory appeal "to avoid wasteful litigation and expense where the appeal presents a meritorious issue on a controlling question of law and an immediate appeal would materially advance the ultimate termination of the litigation." *Id.* at 858 (applying standard from 28 U.S.C. § 1292); *see also Bank of New York Mellon v. Watt*, 867 F.3d 1155, 1159 (9th Cir. 2017) (applying the standard from § 1292 to bankruptcy appeals under § 158(d)). A controlling question of law is one that "materially affect[s] the outcome of litigation." *See ICTSI Oregon, Inc. v. International Longshore and Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (defining controlling question of law under § 1292).

Debtor fails to show that she should be permitted to appeal the interlocutory order. Procedurally, Debtor failed to seek leave to file an immediate appeal, even though she is familiar with the proper procedure because she has made such requests previously.[1] Her failure to request discretionary relief in response to the Court's order to show cause can be construed as a waiver. *Cf. United States v. Dreyer*, 804 F.3d 1266, 1277 (9th Cir. 2015) ("Generally, an appellee waives any argument it fails to raise in its answering brief."). In any event, under the circumstances, the Court elects not to exercise its discretion to treat her appeal as a request to appeal an interlocutory order. Nor, substantively, does there appear to be a substantial basis to authorize an immediate appeal here. Debtor appeals the bankruptcy court's order denying her request to remove the trustee. *See* Dkt. No. 1. Whether the trustee failed to investigate and prosecute certain claims on behalf of the estate is a fact-bound issue that does not raise a controlling question of law, and a determination on this issue would not "materially advance the ultimate termination of the litigation." *In re Belli*, 268 B.R. at 858. Allowing an appeal would serve only to prolong a bankruptcy case that is already the subject of numerous appeals.

---

[1] Debtor sought leave to file an appeal of an interlocutory order under § 158(a)(3) in Case No. 8:22-cv-00330-SB, Dkt. No. 33, and Case No. 8:22-cv-00329-SB, Dkt. No. 23.

      Because this appeal is not of a final judgment, and because the appeal does not satisfy the requirements to appeal an interlocutory order, the Court dismisses the case in its entirety for lack of jurisdiction.

      IT IS SO ORDERED.

Date: October 2, 2023

                                                     Stanley Blumenfeld, Jr.
                                               United States District Judge